IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION



FILED

January 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9606-CC-00240 |
| | ) | |
| | ) | Washington County |
| v. | ) | |
| | ) | Honorable Arden L. Hill, Judge |
| | ) | |
| RONNIE E. McELYEA, | ) | (Driving under the influence, third offense, |
| | ) | and driving on a revoked driver's license) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Thomas E. Cowan, Jr.
111 S. Main Street
Elizabethton, TN 37643

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
                and
Janis L. Turner
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

David E. Crockett
District Attorney General
Rt. 19, Box 99
Johnson City, TN 37601

Michael Laguardia
Kent Garland
Assistant District Attorneys General
P.O. Box 38
Jonesborough, TN 37601

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Ronnie E. McElyea, appeals as of right from his jury conviction in the Washington County Criminal Court for driving under the influence of an intoxicant (D.U.I.), third offense, a Class A misdemeanor, and driving while his driver's license was revoked (D.R.L.), a Class B misdemeanor. For his D.U.I. conviction, the defendant received a sentence of eleven months and twenty-nine days in the county jail to be suspended after serving one hundred and fifty days. The trial court sentenced the defendant to six months in the county jail for the D.R.L. conviction to be suspended after serving three days. The sentences were ordered to be served concurrently. The trial court also imposed fines of nine thousand dollars and one thousand dollars, respectively. The defendant contends that:

> (1) the evidence is insufficient to support his convictions;
>
> (2) the trial court erroneously permitted the state to allege in count two of the indictment and prove at trial over the defendant's objection that the defendant had previously been convicted of driving under the influence of an intoxicant for the purpose of establishing the defendant's guilt for driving on a revoked license; and
>
> (3) the fine imposed for his D.U.I. conviction is excessive.

We disagree and affirm the trial court's judgment of conviction.

Officer Carl Turner of the Johnson City Police Department testified that he was on patrol on August 7, 1994, at approximately 8:30 p.m. in the downtown area of Johnson City. He said that he saw the defendant driving a silver Toyota traveling on Buffalo Street, a two-way street, in an erratic manner. He explained that the defendant was swerving in his lane of traffic, going from one side of the lane to the other side. Officer Turner stated that the defendant made a wide turn and almost hit the curb when he turned onto Pine Street, a one-way street in a residential area, and drove towards North Roane Street. He said that there was a noticeable swerve in the defendant's

2

driving. Officer Turner testified that he followed the defendant for approximately four to five blocks, driving about twenty to thirty feet behind the defendant.

Officer Turner testified that he stopped the defendant on the one hundred block of Pine Street in front of the defendant's residence. He stated that the defendant properly parallel parked his vehicle next to the curb. He said that he asked the defendant for his driver's license and to get out of the car. Officer Turner noticed a strong smell of alcohol on the defendant's breath. He recalled that the defendant mumbled and slurred his speech. Officer Turner stated that when he asked the defendant whether he had consumed any alcohol, the defendant told him that he had drunk four beers.

Officer Turner testified that he then conducted field sobriety tests, the horizontal gaze nystagmus test, the finger-to-nose test, and the recitation of the alphabet test. He said that he declined to use other tests because the defendant stated that he had a back injury. Officer Turner testified that the defendant failed each of the tests. He said that the defendant swayed as he was performing the finger-to-nose test and that the defendant could not touch his nose. He also stated that the defendant failed to recite some letters of the alphabet. Officer Turner expressed the opinion that the defendant was "noticeably impaired" to the point that he could not safely operate a vehicle.

Officer Turner stated that he then arrested the defendant and took him to the county jail where he administered a breathalyzer test. He said that the results of the breathalyzer test reflected a blood alcohol level of .13 when conducted at 9:13 p.m. Officer Turner testified that he also conducted additional field sobriety tests at the jail and that he videotaped the testing. The tests he conducted at the jail were the horizontal gaze nystagmus test, the finger-to-nose test, the recitation of the alphabet

3

test, and the counting backwards test. Officer Turner testified that the defendant passed the finger-to-nose test and performed better on the recitation of the alphabet test, although he failed the horizontal gaze nystagmus test and the counting backwards test. He stated that when he asked the defendant whether he had taken any medication, the defendant told him that he had taken one tablet of prescription medicine two hours earlier for his back pain, although he could not provide the name of the medicine.

Officer Turner also testified that the defendant tried to use a pay telephone at the jail five times but failed to insert a quarter. He stated that the defendant was successful on the sixth attempt after Officer Turner told him that he had to insert a quarter. The videotape of the testing was introduced as evidence and played for the jury. Regarding the status of the defendant's driver's license, Officer Turner testified that his investigation reflected that the license had been revoked and that the defendant's driving privileges had not been restored. A copy of the defendant's driving record with the Tennessee Department of Safety reflects that the reason that the defendant's driver's license had been revoked was because of a conviction for D.U.I.

On cross-examination, Officer Turner testified that there is no center line on Pine Street. He stated that he did not observe the defendant exceed the thirty-mile-per-hour speed limit. Officer Turner said that the defendant did not hit anything either. He also conceded that the defendant did not cross the center line on Buffalo Street. Officer Turner testified that the defendant was capable of signing the implied consent form. He also stated that the standard used for the breathalyzer test was .09, not .10. He explained that either .09 or .10 is a normal standard and that a standard of .09 actually favors the defendant. Officer Turner said that the Intoximeter 3000 had been calibrated by the Tennessee Bureau of Investigation at the time of the testing, although he conceded that the machine had malfunctioned earlier in the summer. After the jury

4

returned a guilty verdict for D.U.I., the defendant entered a guilty plea to count three of the indictment, alleging D.U.I., third offense.

## I. SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence is insufficient to support his convictions for D.U.I., third offense, and D.R.L. Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence, but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The evidence viewed in the light most favorable to the state supports both of the defendant's convictions. The evidence shows that Officer Turner observed the defendant swerving his vehicle from side to side in his lane of traffic. Officer Turner saw the defendant make a wide turn, nearly hitting the curb, when he turned onto Pine Street. Also, the defendant's breath smelled of alcohol, his speech was slurred, and his blood alcohol content was .13. The defendant admitted that he had consumed four beers before being arrested. He also failed field sobriety tests. The proof also established that when arrested, the defendant's driver's license had been revoked because of an earlier D.U.I. conviction. Under these circumstances, a rational trier of fact could conclude that the defendant was guilty beyond a reasonable doubt of third offense D.U.I. and D.R.L. See T.C.A. §§ 55-10-401(a) and 55-50-504 (Supp. 1997).

5

## II. DRIVING ON A REVOKED LICENSE INDICTMENT

The defendant also complains that the trial court erred by allowing the state to allege in count two of the indictment and prove at trial over the defendant's objection that the defendant had previously been convicted of driving under the influence of an intoxicant for the purpose of establishing the defendant's guilt for D.R.L. Analogizing the case to Crawford v. State, 469 S.W.2d 524 (Tenn. 1971) (bifurcated proceedings are necessary when the defendant is charged in separate counts with D.U.I. and with having been previously convicted of the same offense), the defendant argues that the state should not have been permitted to refer to the defendant's prior D.U.I. convictions during the first stage of the trial.

Initially, we note that the defendant failed to include the issue in his motion for new trial. The failure to include the issue results in a waiver of the issue on appeal. See T.R.A.P. 3(e); State v. Keel, 882 S.W.2d 410, 415-16, 417 (Tenn. Crim. App. 1994).

In any event, the defendant is not entitled to relief. Although this court has indicated that a bifurcated proceeding is the appropriate procedure to be used for enhancement of punishment for driving on a revoked license, see State v. John W. Buchanan, No. 01C01-9411-CC-00388, Franklin County, slip op. at 3 n.1 (Tenn. Crim. App. Nov. 16, 1995), any error in this case is harmless given the overwhelming proof of the defendant's guilt for the offenses charged.

## III. EXCESSIVE FINE

The defendant asserts that the trial court imposed an excessive fine of nine thousand dollars for the D.U.I. conviction. Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). In conducting a de novo review, we must consider (1) the

evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103 and -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

In this case, we are unable to review adequately the trial court's sentencing decision. The defendant failed to include the transcript of the sentencing hearing. As previously noted, the defendant's failure to include a necessary part of the record on appeal results in this court presuming that the sentencing decision is correct. See T.R.A.P. 24(b); Oody, 823 S.W.2d at 559. Though we note that the judgment of conviction states that the amount of the fine is nine thousand dollars "assessed by the jury," the inadequacy of the record prevents us from determining whether the trial court misconstrued its role in imposing the fine. See State v. Robert Harrison Blevins, No. 03C01-9606-CC-00242, Washington County, slip op. at 14 (trial court's imposition of a fine must be based upon the factors and principles of the 1989 Sentencing Act rather than simply imposing the fine as fixed by the jury). Under these circumstances, we presume that the trial court's sentencing decision is proper.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
_____Joseph M. Tipton, Judge

7

CONCUR:

_____
Joe B. Jones, Presiding Judge


_____
Curwood Witt, Judge